People v J.R. (2025 NY Slip Op 51570(U))

[*1]

People v J.R.

2025 NY Slip Op 51570(U) [87 Misc 3d 1214(A)]

Decided on October 6, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 6, 2025
Youth Part, Erie County

The People of the
State of New York

against
J.R., AO.

Docket No. FYC-72983-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Connor Dougherty,
Esq. (for Principal)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, §
722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part
of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of
Taylor L. Yensan, Esq. (Assistant District Attorney), dated September 17, 2025; the Response to
the People's Motion Opposing the Removal to Family Court, dated September 30, 2025, having
been filed by Connor C. Dougherty, Esq., on behalf of AO J.R.; the ADA having reserved the
right to a hearing on the facts alleged in support of the People's Motion; and due deliberation
having been had, the Court finds the following:
Procedural History
AO J.R. is
charged under FYC-72983-25/001 with Criminal Possession of Stolen Property in the Third
Degree, a class D felony contrary to Penal Law § 165.50, and Unauthorized Use of a
Vehicle in the Third Degree, a class A misdemeanor contrary to Penal Law §
165.05(1).
On August 19, 2025, Accessible Magistrate John Wanat arraigned AO J.R. and remanded
him without bail. Later that day, this Court arraigned AO J.R. and set nominal bail, as Defendant
was already being held on a Family Court matter. A six-day reading was not required under CPL
§ 722.23(2)(a). The People indicated that they would make a motion under CPL §
722.23(1) requesting that this matter not be removed to Family Court. This Court issued a
Scheduling Order. The People's Motion was due September 17, 2025, AO J.R.'s responsive
papers were due on September 24, 2025, and a decision on motion was scheduled on October 6,
2025. The People timely filed their motion. AO J.R.'s responsive papers, filed on September 30,
2025, were untimely; [*2]however, the People consented to the
late submission. Accordingly, the Court will consider AO J.R.'s Response to the People's Motion
in rendering this Decision.

Findings of Fact
It is alleged that a vehicle was stolen on or about August 17, 2025 at 11:30p.m. The next day,
a Cheektowaga Police Officer was on routine patrol when he received a notification about the
location of the stolen vehicle. The Officer located the vehicle and activated his overhead
emergency lights and siren. The stolen vehicle failed to yield. The Officer and another marked
patrol vehicle pursued the stolen vehicle for approximately 20 minutes. The chase ended when
the stolen vehicle struck a tree and became disabled. AO J.R. was taken into custody as a
passenger of the stolen vehicle. Five co-defendants were in the stolen vehicle with AO J.R. At no
time did the owner of the stolen vehicle give anyone else permission to operate, ride in, or
otherwise exercise control over the vehicle.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a
felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3]
[a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender
matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves
to prevent the removal of the action to Family Court and establishes that extraordinary
circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d
1276, 1276 (4th Dept., 2025). "The legislative history for CPL § 722.23 reveals that, in
making an extraordinary circumstances determination, courts should 'look at all the
circumstances of the case, as well as ... all of the circumstances of the young person,' including
both mitigating and aggravating factors." NY Assembly Debate on 2017 NY Assembly Bill
A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero,
supra. The legislative history further provides that "the People would satisfy the
'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and
there is strong proof that the young person is not amenable or would not benefit in any way from
the heightened services in the family court.'" See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct
2021).
The People argue that this matter should not be transferred to Family Court because the facts
are extraordinary, and AO J.R. has a history in Youth Part. AO J.R. contends that the facts of this
case are not especially cruel and heinous, as he did not harm anyone or engage in any reckless or
violent behavior. He asserts that he was not a leader of criminal activity, and he did not commit a
series of crimes over a series of days. On a personal note, he states that he came from a disparate
socioeconomic background and has limited means of transportation.
After considering the People's Motion and AO J.R.'s responsive papers and accounting for all
the circumstances of this case and this young person, this Court finds that extraordinary
circumstances exist to prevent removal of this case. AO J.R. was a passenger in a stolen vehicle
that led police on a chase; the pursuit ended when the stolen vehicle crashed into a tree and
became disabled. This is not AO J.R.'s first stolen vehicle case. In February 2025, this Court
removed three matters pending against him to Family Court. This case is the fourth time AO J.R.
has been charged as an Adolescent Offender in less than one year. Each of AO J.R.'s Youth Part
cases involved car theft or AO J.R. acting with the intent to steal a vehicle.
As part of the extraordinary circumstances analysis, this Court must evaluate whether AO
J.R. would be amenable to or would benefit from further services provided by Family Court if
this [*3]matter was removed. Unfortunately, this Court cannot
review AO J.R.'s participation in Voluntary Case Planning Services, as services were terminated
when he was sent to placement on a Family Court matter during the pendency of this action. This
Court finds that AO J.R. has demonstrated a pattern of recidivism and will not be amenable to or
would not benefit in any way from further services provided by Family Court. See People v J.K., 78 Misc 3d
1221(A) (Youth Part, Erie County 2023).
After examining all the circumstances of this case and this youth, this Court finds that
extraordinary circumstances exist to prevent the transfer of this action to Family Court. The
People met their burden to prevent removal of this action to Family Court. This constitutes the
opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN